IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LOUIE N. HINES                                                                                     PETITIONER
ADC #148636

VS.                           CASE NO.: 5:12CV00142 SWW/BD

RAY HOBBS, Director,
Arkansas Department of Correction                                                RESPONDENT

## RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Susan Webber Wright. Mr. Hines – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:

>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II.    Background

On August 9, 2010, Petitioner Louie N. Hines pleaded guilty to six counts of second degree sexual assault. (docket entry #11-2) In exchange for the plea, the State dropped five counts of rape and four additional counts of second degree sexual assault. (#11-1, #11-4)

As a result his conviction, Mr. Hines received an aggregate ninety-year term of imprisonment in the Arkansas Department of Correction.[1] (#11-2) The trial court entered the judgment and commitment order on August 25, 2010. (#11-2) The trial court entered an amended judgment and commitment order on October 5, 2010. (#11-6)

Mr. Hines did not appeal the conviction or sentence. (#2, p. 2) Nor did he file any post-conviction petitions, applications, or motions concerning his judgment of conviction in any State court. (#2, p. 3)

On April 23, 2012, Mr. Hines filed the pending petition for writ of habeas corpus. (#2) In it, he alleges that: his trial counsel provided ineffective assistance; his counsel disclosed to the prosecutor incriminating statements Mr. Hines had made; and the

---

[1] The ninety-year aggregate term was the result of six fifteen-year terms run consecutively. (#11-2, p. 4, #11-6, p. 4)

prosecutor wrongly separated the charges against Mr. Hines. (#2) Respondent alleges that the petition is time-barred and that the claims are procedurally defaulted. (#11)

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year limitations period during which a state prisoner may commence a federal habeas corpus action under 28 U.S.C. § 2254. The limitations period generally begins to run from the date the judgment became final by either the conclusion of direct review or the expiration of the time limit for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Hines entered a guilty plea to the charges leading to his ninety-year sentence. He did not appeal and, generally speaking, could not have appealed under Arkansas law. See ARK.R.APP.P.– CRIM. 1(a)(generally no right to appeal from a guilty plea). Even if he could have appealed, the time to appeal would have expired thirty days after the entry of judgment. ARK.R.APP.P.– CRIM. 2(a)(1).

In any event, because Mr. Hines did not appeal, his conviction became final at the very latest on November 5, 2010. Assuming this date to be the correct date affords Mr. Hines every possible benefit and marks the expiration of the time he had to seek review from the amended judgment and commitment order. See *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-654 (2012) (judgment becomes final when a petitioner's time for seeking review in state court expires).

In some circumstances, the one-year limitations period does not begin to run until the constitutional right asserted was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Mr. Hines alleges this exact situation, stating, "the rights on the arguments presented has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (#2, p. 13) Mr. Hines does not name any case where the Supreme Court has newly recognized a constitutional right. In fact, he does not even identify the "newly recognized" constitutional right.

The Supreme Court recognized a Sixth Amendment right to effective assistance of counsel in a criminal proceeding no later than 1970. See *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441 (1970) ("defendants facing felony charges are entitled to the effective assistance of competent counsel"); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792 (1963) (defendant pleading guilty to felony charge has a federal right to assistance of counsel); *Reece v. Georgia*, 350 U.S. 85, 90, 76 S.Ct. 167 (1955) (the right to counsel is the right to effective assistance of counsel).

The Supreme Court recognized a Fifth Amendment right to be free from self-incrimination no later than 1966. See *Miranda v. Arizona*, 384 U.S. 436, 440-442, 86 S.Ct. 1602 (1966) (holding that no person can be compelled in any criminal case to be a witness against himself is a long recognized principle). It is not clear what, if any, right Mr. Hines references when alleging that the prosecution wrongly separated his charges. The only conceivable right is the Fifth Amendment prohibition against Double Jeopardy.

The principle that several successive crimes covered by the same statute constitute distinct offenses, however closely the commission of one crime follows the other, has been recognized since 1932. *Blockburger v. United States*, 284 U.S. 299, 301-303, 52 S.Ct. 180 (1932). Clearly, these rights were not newly recognized after Mr. Hines's 2010 conviction. Accordingly, the one-year limitations period began to run when Mr. Hines's conviction became final, no later than November 5, 2010.

Mr. Hines filed this federal habeas petition on April 23, 2012 – more than a year after November 5, 2010. Accordingly, his claims are barred by the one-year statute of limitations, unless the limitations period was tolled.

    A.    *Statutory Tolling*

The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Mr. Hines did not file any post-conviction petitions, applications, or motions concerning his judgment of conviction in any State court. (#2, p. 3) Accordingly, he is not entitled to statutory tolling. His claims are barred unless saved by equitable tolling.

    B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). But a petitioner invoking equitable tolling bears the burden of establishing that he has been pursuing his rights

diligently and that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Mr. Hines has not argued that equitable tolling should apply. (#2) He merely states that he was not aware that he could have filed a petition earlier than he did. (#2, p. 13) Pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Mr. Hines is not entitled to equitable tolling. Giving him the benefit of every doubt, the time that elapsed from the date that his conviction became final until he filed the pending petition renders this federal petition time-barred.

## III.  Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Hines has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Hines has not provided any basis for issuing a certificate of appealability.

## IV.     Conclusion

Mr. Hines's petition is time-barred.  For that reason, the Court recommends that Judge Wright dismiss his petition for writ of habeas corpus, with prejudice.   And because there is no substantial showing that Mr. Hines was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 23rd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE